**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TERRY SHANE LIGHT,

Plaintiff,

-vs- Case No. 8:11-cv-1074-T-30EAJ

SGT. GILMORE, et al.,

Defendants.
______________________________/

# ORDER

Plaintiff is a prisoner confined at Pasco County Detention Center (hereinafter "PCDC"), Land O'Lakes, Florida. He initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1), and a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Dkt. 2).

Plaintiff names three deputies with the Pasco County Sheriff's Department as Defendants in this matter. Because Plaintiff is seeking redress from governmental officers, the Court has undertaken the mandatory screening of his complaint pursuant to 28 U.S.C. § 1915A. In pertinent part, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint --

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and those who pay the requisite filing fee. The procedure required by § 1915A is, by its terms, a screening process to be applied *sua sponte*. *See id.* The Court finds, for reasons set forth *infra*, that the complaint should be dismissed prior to service of process pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915(e) (pursuant to the Prisoner Litigation Reform Act, federal courts must dismiss an *in forma pauperis* prisoner's claims "if the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune form such relief.").

**Discussion**

Plaintiff’s complaint alleges that while incarcerated at PCDC, Plaintiff received an order from the Georgia Department of Labor Board of Review (“Board”) regarding a claim Plaintiff brought against his former employer. The complaint essentially alleges that Defendants deprived Plaintiff access to the courts when they refused his request for a photocopy of the Board’s order which he intended to use as an exhibit to his motion to the

"Superior Court" for an out-of-time appeal of the Board's decision.[1] The complaint also alleges that Plaintiff requested "court rules and procedures for 42 U.S.C. § 1983" but was told that PCDC's law library did not have those legal materials.

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys"). A plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to him, support the conclusion that he may be able to establish that he is entitled to the relief he seeks. "[E]ven in the case of pro se litigants . . . leniency does not give a court license to serve as de facto counsel for a party, . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). *See also, Pontier v. City of Clearwater, Fla.*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995).

In *Lewis v. Casey*, 518 U.S. 343 (1996) the Supreme Court held that "*Bounds* established no [right to a law library or to legal assistance]. . . . The right that *Bounds* acknowledged was the (already well-established) right of access to the courts." *Lewis*, 518 U.S. at 350 (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). The Eleventh Circuit has clearly stated that a plaintiff raising an access-to-court claim "must show actual injury before

[1]The complaint alleges that Deputy Mocsary made a copy of the original order, returned the original order to Plaintiff, but refused to give the copy of the order to Plaintiff (Dkt. 1 at pp. 8, 11).

seeking relief." *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998). Moreover, “[a] prisoner plaintiff alleging a violation of his right of access to the courts ‘must show actual injury in the pursuit of specific types of nonfrivolous cases: *direct or collateral attacks on sentences and challenges to conditions of confinement*.’" *Moulds v. Bullard*, 345 Fed. Appx. 387, 394 (11th Cir.2009) (unpublished opinion) (quoting *Wilson,* 163 F.3d at 1290)) (emphasis added).

Construed liberally, Plaintiff’s allegations raise a claim of denial of access to the courts. However, to prevail in an access-to-court claim, Plaintiff must show how Defendants’ conduct impeded him from pursuing a non-frivolous direct or collateral attack on a sentence or a challenge to conditions of confinement. *Wilson*, 163 F.3d at 1290. Because Plaintiff’s complaint does not allege that Defendants’ conduct impeded him from pursuing a non-frivolous direct or collateral attack on a sentence or a challenge to conditions of confinement, Plaintiff has failed to meet the standard for access-to-court claims set forth in *Wilson.* Further, the complaint fails to allege any facts showing Plaintiff sustained “actual injury” from Defendants’ refusal to provide him with a photocopy of the Board’s order,[2] or failure to provide him with the requested legal materials. *See id.*

The Court finds that Plaintiff has failed to state a claim of denial of access to the courts. Accordingly, this claim is subject to dismissal pursuant to 28 U.S.C. § 1915A.

---

[2]The complaint alleges that Plaintiff filed his motion for an out-of-time appeal, but has not yet “received any correspondence on [his] appeal.” (Dkt. 1 at p. 8).

## Conclusion

For the foregoing reasons, the Court finds that, pursuant to 28 U.S.C. § 1915A(b)(1), this matter cannot go forward at this time.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's complaint is **DISMISSED** for failure to state a claim for which relief can be granted (Dkt. 1).

2. The **Clerk of Court** is directed to terminate all pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on June 15, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: Plaintiff *pro se*